C. W. REICHWALD, INCORPORATED, complainant-respondent,

*v.*

UNITED STATES RADIATOR CORPORATION, defendant-appellant.

[Argued May 18th, 1934.  Decided September 27th, 1934.]

*Messrs. Heyman & Heyman,* for the appellant.

*Messrs. Bauer & Ranker* and *Mr. Eznick Bogosian,* for the respondent.

The opinion of the court was delievred by

DONGES, J.

From the record it appears that the complainant corporation is in the business of installing heating systems; that some persons by the name of Zuccaro desired to have a heating system installed, but could not finance it; that C. W. Reichwald, who is president, treasurer, chief stockholder and manager of the business of complainant, told one P. D. Butler, a salesman for the defendant, of the situation and suggested that he see the Zuccaros in order that the cost of installation might be financed by the defendant; that defendant concluded to finance the matter and certain papers were signed by the Zuccaros, one of which papers was the note

in question for $1,208, which was subsequently reduced by payments to $1,053. The note was endorsed by complainant corporation, by C. W. Reichwald.

The bill was filed to restrain a suit at law against complainant as endorser of said note on the ground that Butler represented to Reichwald that by its endorsement the corporation would not become liable for the payment of the note, but that the endorsement was for the purpose of guaranteeing satisfactory installation of the heating system by complainant. This was denied in the answer. The vice-chancellor who heard the matter found in favor of the complainant, and advised a final decree restraining the defendant from prosecuting its suit at law for the collection of the note or taking proceedings upon a certain check of defendant to complainant for the proceeds of the note, and imposing counsel fee and costs upon the defendant. From this decree the present appeal is taken.

The note in question comprises a note, installation certificate, assignment and endorsement, in form as follows:

"Schedule A.
NOTE
$1208.00                                      Date, May 26th, 1931.

For value received, I promise to pay to the order of C. W. Reichwald, Inc., Jersey City, N. J., Twelve Hundred and Eight 00/100 Dollars in 24 equal consecutive monthly installments of $50.33 each beginning one month after date hereof, at the office of Mercantile Discount Corporation, 110 S. Dearborn Street, Chicago, Illinois.

Upon non-payment of any installment when due, all remaining installments shall immediately become due and payable. And if allowed by law, upon non-payment of this note at maturity 15% of the amount due shall be added for attorney's fees if placed in the hands of an attorney for collection.

Signatures of
Anthony E. Zuccaro (husband)
Pauline Zuccaro (wife).

Post Office Address, 611-17th Street, Union City, N. J.

INSTALLATION CERTIFICATE
Date: May 26th, 1931.

To Whom it may Concern:

We hereby certify that we have today issued to C. W. Reichwald, Inc., a note for $1208 which represents the balance due for article

(s) (and materials) which the aforesaid dealer has delivered and installed in our premises in a satisfactory manner.

Husband, ANTHONY E. ZUCCARO,
Wife, PAULINE ZUCCARO.

P. D. BUTLER (Signature of Witness).
Grantwood, N. J. (Address).

Certified Correct
C. W. REICHWALD, INC.,
(Name of Dealer)
By CHAS. W. REICHWALD.

### ASSIGNMENT

Mercantile Discount Corporation is hereby directed to pay proceeds of attached note signed by Anthony and Pauline Zuccaro to United States Radiator Corp., to whom such proceeds are hereby assigned.

C. W. REICHWALD, INC.,
By: CHAS. W. REICHWALD.
City and State     Jersey City, N. J.

Dated: May 26, 1931.
763 Paterson St.
(Address of Dealer)

### ENDORSEMENT

For value received, we, the endorsers on this note, severally waive presentment and demand for payment protest and notice of protest for non-payment, accept all provisions of said note and authorize the maker, without notice to us, or either of us, to obtain an extension, or extensions, in whole or in part, and agree that in case of non-payment of the within obligation when due, suit may be brought by the holder of this note against any one or all of us at the option of said holder whether such suit has been commenced against the maker or not, and that in any such suit the maker may be joined with one, or more, or all of us at the option of the holder.

Endorsers:
C. W. REICHWALD, INC.,
By: C. W. REICHWALD."

Four points are urged by appellant for reversal.

1. The court erred in finding that the endorsement by C. W. Reichwald, Incorporated, was other than the Negotiable Instruments law provides, and erred in admitting parol evidence to vary the terms thereof.

2. Complainant failed to sustain the burden of proof.

3. The chancellor erred in finding that the representations made by P. D. Butler were binding upon the defendant corporation.

4. The chancellor erred in finding that the endorsement of the complainant which appeared on the note was not the act of the complainant.

It appears necessary to discuss only the second and fourth points. Was the finding of the trial court that the note was endorsed as the result of the representation that it was merely to guarantee the satisfactory installation of the heating system sustained by the evidence?

It would appear that Reichwald knew just what he was doing. He was a man of great business experience. He testified that he knew exactly the effect of the endorsement, and demurred because he did not want to assume the liability.

It seems strange that one so informed would be beguiled by the statement of a salesman (as to whose authority to so bind his principal Reichwald made no inquiry) that his company would not enforce payment of the note, if the work was satisfactorily performed. Reichwald's testimony supports, in part, the testimony of Butler that Reichwald endorsed the note without the assurance of Butler that complainant would not thereby assume liability on the note, for Reichwald testified:

"After the job was completed I mentioned to Mr. Butler, I says, 'Pete, the system is installed and tested and is ready for the inspection,' and he said he would take care of it. No doubt he did. The next few days or a week or so after that he came down to my office and he said he has got the necessary forms signed by the owner or filled out by the owner. I don't know whether Mr. Butler filled them out or not. And he came down to my office with these forms and said, 'they are all right for me to sign.' I don't remember how many forms, and we signed these things, and one was a note. So I said—we discussed the thing, about the note proposition, about a half an hour before we finally agreed. I didn't suppose there was any use of our talking about it any more because the work was installed and the materials paid for and there was nothing else I could do about it any more, and I said I might as well sign the papers as prepared by him."

This took place some weeks after the first discussion of

the matter. Two other witnesses, Elsie Lefkovics, who worked for complainant, and Edward Giegold, a roofing contractor, testified to hearing conversations in March between Butler and Reichwald. Giegold's testimony does not refer to the note. Miss Lefkovics does not testify to any conversation at the time of the execution of the papers by Reichwald.

Butler denied that any such representation was made as alleged by Reichwald. In the latter part of Reichwald's testimony he endeavored to have it appear that the job and financing were sought by Butler, although Reichwald was able and willing to finance the work. In the early part of his testimony, Reichwald said:

"I said, 'listen Pete, we are about to get the job financed.' I said, 'we never take a finance job and I was wondering whether you would be interested in it being all your material is specified.' He said, 'certainly.'"

From the testimony it appears that Reichwald sought Butler's interest in the financing of the job; Reichwald received the proceeds of the financing; Reichwald knew that his company would be liable if it endorsed the note; he knew that the forms required such endorsement. His testimony as to any representation was flatly denied by Butler. The presumption is against fraud. Under the circumstances, the weight of the evidence is in favor of the defendant, and it was error for the trial court to find in favor of the complainant as to the making of any fraudulent representation inducing the endorsement of the note.

Did the trial court err in finding that the endorsement was not the act of complainant?

Reichwald testified, and it was not denied, as follows: "And what is your position there in the corporation? *A.* President and treasurer. *Q.* And you are the man in active charge of the corporation? *A.* Yes, sir."

It seems that the name of the corporation was affixed to the various instruments by a rubber stamp, after which appears "By: Chas. W. Reichwald" in two instances, and "By: C. W. Reichwald" on the note in ink. Admittedly, Reichwald was the only person who appears to have acted

for the corporation in this transaction. His authority to so act is not denied. It is nowhere put in question, except in the conclusions of the trial court. The consequence of his act was to secure for the corporation the proceeds of the transaction. In the situation presented, the presumption is that he acted within the scope of his authority. *G. O. K. Enterprises* v. *Moos, 116 N. J. Eq. 175.*

It follows that the decree under review should be reversed, and the cause remitted to the court of chancery with instructions to dismiss the bill of complaint.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.